UNITED STATES of America, Plaintiff-Appellee,

v.

Clifton Thirley HAYWOOD, Defendant-Appellant.

No. 26916

Summary Calendar.

United States Court of Appeals Fifth Circuit.

May 16, 1969.

B. Clarence Mayfield, Savannah, Ga., Howard Moore, Jr., (Southern Legal Assistance Project) Peter Rindskopf, Atlanta, Ga., for defendant-appellant.

Donald H. Fraser, U. S. Atty., Bruce B. Greene, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Haywood appeals from a judgment following a jury conviction on two counts of violating the Universal Military Training and Service Act, § 462(a), 50 U.S.C.A., Appendix, as amended. We reverse.[1]

■■ The trial judge, in the presence of the jury, twice interrupted his charge and informed Haywood of his right to allocution *before the case had been submitted to the jury for decision.* We can conceive of nothing which would as effectively destroy a defendant's constitutional presumption of innocence as having the Court interrupt its charge to the jury to ask the defendant if he would like to make a statement before being sentenced. The Government urges that no objection was taken to the charge and that informing an accused of his right of allocution at that time was not plain error. We reject this argument along with the Government's only other argument, i.e., that other portions of the charge cured any error which might have been committed. It is axiomatic that when a jury charge deprives an accused of a constitutional right or is erroneous in matters which go to the very essence of the case, the plain error rule should be applied. Screws v. United States, 1945, 325 U.S. 91, 65 S.Ct. 1031, 89 L. Ed. 1495; Mims v. United States, 5 Cir. 1967, 375 F.2d 135; Williamson v. United States, 5 Cir. 1964, 332 F.2d 123; Mann v. United States, 5 Cir. 1963, 319 F.2d 404; Rule 52(b), F.R.Crim.P.

The only cure for the error committed in this case is a new trial.[2]

Reversed and remanded.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

2. We need not consider the other points raised by Haywood, i. e., the failure of the District Court to correctly charge the jury on the elements of the alleged offenses, and the principles applicable to evidence introduced through the appellant's confession or admission.