Affirmed and Memorandum Opinion filed March 6, 2003









Affirmed and Memorandum Opinion filed March 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01239-CR

____________

 

CHARLES ALBERT JACKSON, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 149th District Court

Brazoria County, Texas

Trial
Court Cause No. 40,250

 



 

M
E M O R A N D U M  O P I N I O N

Appellant
Charles Albert Jackson, Jr. appeals his sexual-assault conviction on the
grounds that certain comments of the trial court to the jury deprived him of a
fair trial.  We affirm because the record
does not show fundamental error.

                            I. 
Factual and Procedural Background








Appellant
was charged by indictment with sexual assault. 
At the beginning of the jury-selection process, the trial court gave
legal instructions to prospective jurors. 
Appellant claims the trial court committed fundamental error by making
the comments that appear in bold:

Trial
Court=s Remarks on Lesser-Included-Offense Instruction     

Trial
Court:   
Now, I said sometimes either side might submit to you a lesser offense, what we
call a lesser included offense.  So
sometimes what you originally hear wouldn=t
be what=s submitted to
you.  If that=s
the case, you have to judge from the evidence the charge that=s
given to you.  Do ya=ll
understand that?  And I guess a lesser
included offense would be all of the elements of the original offense less one,
usually is what it boils down to.  An
example of that would be from aggravated assault to assault where you take out
the deadly weapon or you take out C
that=s not this
case, but in one of those type of cases if it is originally charged and
somebody threatened somebody with a deadly weapon and then that doesn=t C
the C either side
didn=t
feel like that=s been proven,
then they can request a lesser to assault.  

 

Trial
Court=s Remarks on a Criminal Defendant=s
Right to not Testify

Trial
Court:   The
next issue is the conceptCit=s
in our ConstitutionCabout the
defendant=s failure to
testify.  The defendant in any criminal
case is not required to prove himself or herself innocent.  If the defendant does not choose to testify,
you may not consider that fact as evidence of guilt, nor may you in your
deliberations comment or in any way allude to that fact.  The lawyers will talk to you about that.  There are many reasons where [sic] a person
might not choose to testify.  They have a
constitutional right not to.  But I=m
just going to go ahead and ask somebody else here, pick around a little bit.

How about Mr. Bowers?

Mr.
Bowers: Yes, sir.

Trial
Court: Mr. Bowers, if you were charged with a
criminal case and the State had to proveClet=s
say the State had to prove that you drove a vehicle and knocked down somebody=sCwhat
do you call it?  Mailbox.  All right. 
You seen kids go by with a baseball bat and knock down the mailbox.  The State has you on trial, and they put on
all of their evidence and they rested and they failed to identify you at any
time as knocking down the mailbox or driving the car, they just failedCthey
just couldn=t
come up with it.  Would you testify?

Mr. Bowers:  Probably not.








Trial Court:  Why not?

Mr. Bowers:  They might ask me a question that would get
me in trouble.

Trial
Court: 
Right.  You know, that=s
right.  Guilty or not guilty, if you=re
ahead, you don=t putCsubject
yourself to cross-examination, right?  

Mr. Bowers:
Right.

Trial
Court: 
All right.  So there are valid
reasons why bothCanother reason
you might be guilty of it, right?  So
either innocent people or guilty people, both of them some of the time choose
not to testify.

 

Trial Court=s
Remarks on the Burden of Proof in a Criminal Trial

Trial
Court: Who does the burden of proof rest with in
the case?  Anybody know who?

Unknown juror:
The prosecution.

Trial
Court: Right. 
The State.  You=re
right.  When does it shift in a criminal
case?  What is your name, ma=am,
there on the back?  

Ms. Sas:
Sas.

Trial Court:
When does it shift?

Ms. Sas:  When they have proved their case.

Trial Court:
Well, right.  It never technically
shifts, but are the B it stays with the State throughout the trial.  Now, in your own mind you may have thought
that it shifted and might look elsewhere; but basically the B
it=s
their burden of proof to prove the case. 
It=s not the defendant=s burden to prove not guilty. 
Do you understand that?  So never
at any time does it shift to the defendant.

The
jury found appellant guilty of sexual assault and assessed punishment at two
years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.

                                            II.  Issues Presented

Appellant
presents two issues for review:

(1)       Did
the trial court=s comments
during voir dire about a defendant=s
right not to testify and the trial court=s
explanation of lesser-included-offense instructions constitute fundamental
error?








(2)       Did
the trial court=s comments
during voir dire about burden-shifting in a criminal
case constitute fundamental error?   

 

                                                   III.  Analysis

Appellant
argues the trial court=s comments violate articles 38.05 and 38.08 of the Texas Code
of Criminal Procedure.[1]  Appellant contends the comments conveyed
three things to the jury: (1) If the defendant testifies, the defense must
believe the State has proven its case; (2) the guilty defendant will not
testify; and (3) if the defense does not request an instruction on a
lesser-included offense, the State has met its burden for the charged
offense.  Although appellant did not
object to these comments in the trial court, he argues the trial court=s
comments constitute fundamental error affecting his substantial rights, so that
appellate review is authorized under Texas Rule of Evidence 103(d).  See Tex.
R. Evid. 103(d); Jasper v. State, 61 S.W.3d
413, 420 (Tex. Crim. App. 2001).








To
support his fundamental error argument under both of his issues, appellant
relies on Blue v. State, in which a plurality of the Court of Criminal
Appeals held that the trial court=s comments during jury selection tainted the presumption of the
defendant=s innocence and therefore presented fundamental error.  41 S.W.3d 129, 132 (Tex. Crim.
App. 2000) (plurality op.).  In Blue, at the beginning of the
jury-selection process, the trial judge apologized to the prospective jurors
for a long wait.  In doing so, the court
attributed the delay to the defendant=s difficulty deciding whether to plead guilty or proceed with
trial.   The trial judge also stated he
would prefer that the defendant plead guilty and then attempted to explain why
an innocent defendant might not testify. 
The Blue court found these comments tainted the presumption of
innocence because they showed the defendant seriously considered pleading
guilty, suggested the trial court knew something about the guilt of the
defendant that the jurors did not know, and insinuated the defendant was guilty
because no trial court would want an innocent man to plead guilty.  Blue, 41 S.W.3d
at 132.  Unlike the comments the trial
court made in Blue, the comments about which appellant complains were
general statements regarding the law and not about appellant or his case.  None of the trial court=s
statements rose to such a level as to 
taint the presumption of innocence or vitiate the jury=s
impartiality.  See Jasper, 61 S.W.3d
at 421B22;
Murchison v. State, CS.W.3dC, 2002 WL 1732142, at *20B21 (Tex.
App.CHouston [14th Dist.] Jul. 25, 2002, no pet.); Singleton v. State, 915 S.W.3d
342, 351B52
(Tex. App.CTexarkana 2002, no pet. h.).  This
court concludes the trial court=s comments do not constitute fundamental error.  Accordingly, we overrule both of appellant=s
issues and affirm the trial court=s judgment.

 

 

 

 

/s/        Kem
Thompson Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed March 6, 2003.

Panel
consists of Justices Yates, Anderson, and Frost.

Do Not
Publish C Tex.
R. App. P. 47.2(b). 











[1]  Article 38.05
provides:

 

AIn
ruling upon the admissibility of evidence, the judge shall not discuss or
comment upon the weight of the same or its bearing in the case, but shall
simply decide whether or not it is admissible; nor shall he, at any stage of
the proceeding previous to the return of the verdict, make any remark
calculated to convey to the jury his opinion of the case.@  

 

Tex. Code Crim. Proc. Art. 38.05.    

 

Article
38.08 provides:

 

AAny
defendant in a criminal action shall be permitted to testify in his own behalf
therein, but the failure of any defendant to so testify shall not be taken as a
circumstance against him, nor shall the same be alluded to or commented on by
counsel in the cause.@ 


Tex. Code Crim. Proc. Art. 38.08.