Opinion issued January 24, 2008 
 





     





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00508-CV
____________

IN THE MATTER OF Z.M.M. 




On Appeal from County Court No. 3
Galveston County, Texas
Trial Court Cause No. 05JV0261



 
MEMORANDUM OPINION

          A jury found that appellant, Z.M.M., engaged in four counts of delinquent
conduct involving aggravated sexual assault of a child, and the trial court ordered
disposition that appellant be placed in custody with his mother and be on probation
until his 18th birthday. We determine whether appellant has preserved error as to his
complaint that the prosecutor improperly bolstered the complainant’s credibility. We
affirm.Background

          On four separate occasions, once in July of 2003, once in August of 2003, and
twice in November of 2004, appellant sexually assaulted the complainant, a younger
boy. During trial, the State called Dr. Lukefahr, an expert on child sexual abuse, to
testify about reviewing medical reports that were prepared by a pediatric nurse,
Anjenean Bolster. Dr. Lukefahr indicated that the physical findings in the medical
report were normal. Next, Bolster testified to some of the general indicators of
children who have been sexually abused. Bolster then testified that when she
interviewed the complainant at the clinic about the events in question, she asked the
complainant questions about himself and the events that had taken place. After the
testimony of Dr. Lukefahr, Bolster, and other witnesses, the jury came back with a
verdict of true on all four counts of delinquent conduct involving aggravated sexual
assault.Preservation of Error 

          In his sole issue presented for review, appellant contends: (1) the first part of
Dr. Lukefahr’s testimony improperly bolstered the credibility of the complainant; (2)
the second part of Dr. Lukefahr’s testimony was improper; and (3) the testimony of
nurse Bolster bolstered the complainant’s credibility. The first two complaints are
not preserved by any trial objection. See Tex. R. App. P. 33.1(a)(1)(A); In re G.A.T.,
16 S.W.3d 818, 825 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding
that a timely objection must be made in order to preserve error). The third complaint
is not preserved because the trial objection, hearsay, fails to comport with the
argument on appeal, bolstering. See Barnes v. State, 876 S.W.2d 316, 325 (Tex.
Crim. App. 1994) (holding that the trial objection did not comport with the issue
raised on appeal; consequently, there was no preservation for review). To the extent
that appellant may have attempted to raise a complaint of fundamental error, thereby
excusing any lack of preservation, we hold that the error raised here does not rise to
the level necessary to constitute fundamental error. See Blue v. State, 41 S.W.3d 129,
132 (Tex. Crim. App. 2000) (holding that comments of the trial court tainting
defendant’s presumption of innocence in front of venire were fundamental error of
constitutional dimension requiring no objection). Accordingly, we overrule
appellant’s sole issue presented for review. 

 
 
     Conclusion

          We affirm the judgment of the trial court.



                                                                                                                                 
 
                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Alcala.