

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00091-CR

**WILLIAM CHARLES WEBB,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 20102004CR2

## MEMORANDUM  OPINION

Raising three issues, William Webb appeals his misdemeanor conviction for criminal mischief ($50 or more but less than $500) and 180-day jail sentence with a $2,000 fine.  The alleged criminal mischief was Webb's breaking his ex-girlfriend's car window with a rock.

In his first issue, Webb asserts that a comment by the trial judge during voir dire tainted his presumption of innocence and adversely affected his right to a fair trial.  At the beginning of voir dire, the trial judge stated to the jury panel:  ""I'm the Judge of

County Court at Law No. 1.  I'll be presiding over this case.  Actually, it was filed in another court and there was a conflict of interest there, so it was sent to my court to handle."

Webb, who represented himself at trial, did not object.  We assume without deciding that a timely and specific objection was not required.  *See Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.) ("comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection"); *see also Mason v. State,* 237 S.W.3d 800, 802, 805 (Tex. App.—Waco 2007, pet. ref'd).

Webb contends that the trial judge's comment that there was a "conflict of interest" alerted the jury panel that Webb had a prior criminal background and tainted the presumption of innocence.  Webb argues that the "obvious implication" from the statement was that the newly elected judge of County Court at Law No. 2 could not preside over Webb's trial because he had previously represented Webb in a criminal case.

We agree with the State that the statement did not prejudice Webb in any way.  The statement did not refer to Webb or any act by him.  The trial judge expressed no opinion about Webb nor directly gave the jury any impression that Webb had a criminal record.  Moreover, given the general content of the statement, there is no connection between the conflict of interest and Webb's having a criminal record.  The statement does not implicate a prior representation of Webb in a criminal case. We overrule issue one.

We next turn to Webb's third issue, which asserts that the trial court erred in failing to instruct the jury, *sua sponte*, that it could not consider extraneous-offense evidence, in assessing punishment, unless it found that the extraneous offenses were proved beyond a reasonable doubt. The State agrees that the trial court should have given this instruction. *See Delgado v. State,* 235 S.W.3d 244, 252 (Tex. Crim. App. 2007) ("the trial judge must *sua sponte* instruct the jury at the punishment phase concerning … the fact that the State must prove any extraneous offenses beyond a reasonable doubt").

We thus review the error for egregious harm. *Martinez v. State,* 313 S.W.3d 358, 365 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *see Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g) (holding that unobjected-to jury charge error will not result in reversal in the absence of "egregious harm"). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

Despite the omitted instruction on extraneous-offense evidence, the charge did state: "The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant."

The State presented evidence of Webb's extensive criminal record consisting of numerous convictions, including two felony convictions, and several cases that were dismissed in connection with guilty pleas in other cases. Webb did not object to their admission, and when he testified, he did not deny his prior criminal record.

The victim and a detective collectively testified to the following extraneous offenses allegedly committed by Webb: another occasion where Webb allegedly broke another window on the victim's car; and Webb allegedly put water in the victim's gas tank and put a water hose in the victim's dryer vent at her house. Another extraneous offense was Webb's allegedly sending threatening letters to the victim while he was in jail, in violation of a protective order. At the time of trial, that charge was still pending, but on cross-examination, Webb admitted to sending the letters. He also did not deny committing any of the alleged extraneous offenses.

In closing argument, in addition to discussing Webb's prior convictions, the State generally mentioned the several unadjudicated extraneous offenses against the victim. Webb's argument included his statement that he had "paid [his] dues" for the crimes he had committed, but he did not address the several unadjudicated extraneous offenses. The State did not discuss them in rebuttal.

Viewing the record as a whole, and especially considering Webb's undisputed and extensive history of criminal convictions and his admission to writing the threatening letters to the victim and thus violating the protective order, we cannot say that egregious harm occurred in the punishment phase. Issue three is overruled.

Webb's second issue complains that the judgment is defective because, in reciting the jury's punishment verdict, it erroneously reflects the jury found Webb guilty of the offense of "assault family violence," rather than criminal mischief. We agree with the parties' suggestions that we should modify the judgment to correct this clerical error. *See* TEX. R. APP. P. 43.2(b). Accordingly, we sustain the second issue, and the judgment is modified to state that, in the jury's verdict on punishment, the jury had found Webb guilty of the offense of criminal mischief.

Webb also points out that the sixth sentence in the judgment incorrectly refers to him as "her;" accordingly, we modify that sentence to reflect that "the Court found him guilty of the offense of CRIMINAL MISCHIEF."

As modified, we affirm the trial court's judgment.

REX D. DAVIS<br>
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as modified
Opinion delivered and filed October 18, 2012
Do not publish
[CR25]