NO. 12-01-00137-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ROBERT JAMES TATUM,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

 A jury convicted Robert James Tatum ("Appellant") of aggravated assault, and the court
assessed punishment at six years of imprisonment. In two issues, Appellant complains that the trial
court commented on the weight of the evidence and also denied his right to a fair and impartial
tribunal. We affirm.


Background


 On April 12, 2000, an altercation occurred between Appellant and Erwin Joe Smith
("Smith"), the complaining witness, in Athens, Henderson County, Texas. During the altercation,
Appellant stabbed Smith in the abdominal area using a knife, and Smith was treated at a local
hospital. The police investigated the incident, and Appellant was subsequently charged with
aggravated assault. The case was called for trial on March 12, 2001.

 Smith testified at trial and described Appellant as the aggressor in the altercation. Appellant
also testified and admitting stabbing Smith, but contended that he did so in self defense. The jury
rejected Appellant's claim of self defense and convicted Appellant of aggravated assault. After
reviewing the presentence report, the court sentenced Appellant to six years of imprisonment, and
this appeal followed. 

Issues


 Appellant raises two issues on appeal. In his first issue, he contends that the trial judge
improperly commented on the weight of the evidence. In his second issue, Appellant complains that 
the trial judge (1) "misused his authority to criticize Appellant's trial counsel, Appellant's trial
strategy and evidence," (2) improperly moved sua sponte to "strike evidence which the State had not
requested to strike," and (3) sustained all thirteen of the State's objections, (1) but sustained only two
of the eight objections made by Appellant's counsel. According to Appellant, the cumulative effect
of those actions was a denial of his right to a fair and impartial tribunal.

Comment on the Weight of the Evidence

 At trial, the defense called Appellant's wife, Lora Tatum ("Tatum"), who is also Smith's
niece. Tatum testified that there were bad feelings between Appellant and Smith because Smith
believed that Appellant owed him money. She further stated that Smith seemed upset because
Appellant purchased a new vehicle after Tatum told Smith they could no longer afford to employ
him to mow their yard. 

 During Tatum's testimony, Appellant's counsel asked if the license plates for the new vehicle
had been stolen, and the following exchange occurred:


 Q. Okay. Was there-at any point in time were the license plates stolen off your-

 A. Oh, yes.

 Q. -truck?

 A. They were stolen.

 Q. When did that happen?

 A. Again, it was in the spring of this-it was after the fight. What day they were stolen, I don't know.

 THE COURT: How is that relevant if it's after the altercation?

 MS. MAYHALL: Your Honor, I'll show the relevance in just a moment.

 Q. Where were the - were the license plates recovered?

 A. We recovered them from APD. They were supposedly found in my uncle's possession somewhere. 
I don't know where.


 THE COURT: I'm going to strike the questions and strike -

 MS. MAYHALL: Your Honor, I object to that. If Mr. Youngblood has the right -


 THE COURT: Well - 


 MR. YOUNGBLOOD: Judge, I am going to object, then. It's one thing to bring in
30 years' worth of family history and argue about somebody looking at somebody
cross-eyed leading up to this incident. It's another thing to start talking about things
that happened after this incident.


 THE COURT: The objection is sustained. I instruct you to disregard the statements
made by the witness concerning the license plates. You may proceed.



 Appellant contends that the judge's question about the relevance of the testimony constitutes
an impermissible comment on the weight of the evidence in violation of article 38.05 of the Texas
Code of Criminal Procedure. (2) However, we note that Appellant's counsel did not object at the time
of the question, but lodged a general objection when the judge stated that he was going to strike the
questions. Appellant concedes in his brief that his counsel did not specifically object to the judge's
question as a comment on the weight of the evidence, but contends that the "specific grounds were
apparent from the context." (3) From our reading of the above-quoted portion of the record, we
conclude that the objection was sufficient to inform the judge that Appellant's counsel objected to
striking the questions concerning the license plates. However, we do not agree that the objection was
sufficient, either by language or timing, to inform the judge that Appellant's counsel considered his
question about relevance a comment on the weight of the evidence. In addition, we note that
Appellant's counsel did not secure a ruling on the objection or object to the judge's failure to rule. 
Therefore, the issue is not properly before us. Tex. R. App. P. 33.1(a)(2)(B).

 Even if the issue were properly preserved for our review, the trial court may exercise broad
discretion in controlling the interrogation of witnesses and the general conduct of the trial. Jasper
v. State, 61 S.W.3d 413, 321 (Tex. Crim. App. 2001). Under the facts of this case, we conclude that
the judge's question amounted to nothing more than an exercise of "reasonable control over the
mode and order of interrogating witnesses and presenting evidence. . . ." Tex. R. Evid. 611(a). 
Further, if we determined the judge's question was a comment on the weight of the evidence, we
could find reversible error only if the comment benefitted the State or prejudiced Appellant. 
Becknell v. State, 720 S.W.2d 526, 531 (Tex. Crim. App. 1986); Fletcher v. State, 960 S.W.2d 694,
701 (Tex. App.--Tyler 1997, no pet.). 

 The record indicates that the judge's question related only to the testimony about the license
plates. Thus, the jury could not have reasonably determined that his inquiry extended to other
portions of Tatum's testimony. In addition, the record reflects that, in response to the State's
objection, the judge ruled the testimony was inadmissible and instructed the jury to disregard it. 
Consequently, the judge's question related to excluded evidence only and not to any evidence the
jury was to consider in its deliberations. (4) Therefore, we do not find any benefit or prejudice that
occurred as a result of the judge's question. (5) Accordingly, we overrule Appellant's first issue.

Denial of the Right to a Fair and Impartial Tribunal 

 In his second issue, Appellant asserts that the trial judge engaged in improper conduct and
that the cumulative effect of the judge's actions was to deny Appellant the right to a fair and
impartial tribunal. To support his argument, Appellant complains that the judge sustained all of the
State's objections, but sustained only two of the eight objections made by his counsel. Appellant
also identifies five specific incidents in which he contends the judge acted improperly.

 In reviewing the record, we note that Appellant's counsel, with one exception, (6) made no
objection to the conduct Appellant describes in his second issue. As a result, nothing was preserved
for our review. Tex. R. App. P. 33.1(a)(1)(A). Appellant implicitly acknowledges that error was not
preserved, but contends that no objections were necessary because the identified conduct, when
considered in its totality, constitutes fundamental error.

 To support his claim of fundamental error, Appellant directs our attention to the disparity
between the number of objections sustained for the State and for his counsel. However, Appellant
does not argue that any of the rulings on the substance of the objections were error. The mere fact
that a judge sustains more objections of one party than the other does not indicate error in the judge's
rulings or unfairness in the proceeding and therefore cannot contribute to fundamental error. 
Consequently, we do not consider Appellant's contention concerning the sustained objections in
deciding the merits of Appellant's second issue.

 As further support for his position, Appellant calls our attention to five additional incidents
that occurred during the trial. In three of the incidents, the judge sustained an objection made by the
State and, without a request from the State, instructed the jury to disregard the objectionable
testimony. The other two incidents relate to what Appellant characterizes as the judge's misuse of
his authority to "criticize Appellant's trial counsel, Appellant's trial strategy and evidence." In the
first such instance, the following exchange occurred while Appellant's counsel was cross-examining
Smith:


 Q. Mr. Smith, have you ever been convicted of any felonies in this state?


 A. No, I don't think so, or have I?


 Q. Are you sure that you want to stick by that, Mr. Smith?


 A. There may be a DWI.


 Q. You've never pled guilty to an aggravated assault?


 A. To an assault.


 Q. But not an aggravated assault?


 A. I don't recall. You'll have to refresh my memory with something.


 Q. Perhaps this will refresh your memory.


 A. Okay.


 APPELLANT'S COUNSEL: May I approach the witness, Your Honor?


 THE COURT: You may.


 Q. Mr. Smith, I'm handing you a certified copy of a judgment.


 THE COURT: You can show him to refresh his memory, if that's what you're doing.


 A. This was back in - this would have been back in '93. Ten years probation.


 Q. Do you recall that now?


 A. Yes, I have. But I don't know who this is because I don't read that well. I wish you would read
it out to me. Then I'd understand it more better because I be looking at something that I don't
understand.


 APPELLANT'S COUNSEL: Okay. Your Honor, with your permission, he wants
me to read it to him.


 THE COURT: Well, I think it - do you want to offer that into evidence? Is it a
certified copy?


 APPELLANT'S COUNSEL: It is a certified copy.


 THE COURT: Did you show it to counsel, then, please?


 STATE'S COUNSEL: Judge, I have to object to it just because there's nothing -
there's not an identifiable thing. If it's used to refresh his memory, I don't have any
objection to trying to refresh his memory to see if this is, in fact, him. Without a
signature or some identifiable thing - it's a common name. It's not even in this
county. I think she has to try to refresh his memory and see if he admits or denies
it and go forward with that.


 THE COURT: I'll let you go forward on that basis, Ms. Mayhall. I'll sustain your
objection.



The second instance was during Appellant's testimony. As Appellant's counsel questioned him
about the facts underlying a prior conviction, the Court stopped the proceedings, called counsel for
both parties to the bench, and began to question Appellant's counsel as follows:

 THE COURT: Can we wrap this up? This is a rabbit trail.


 APPELLANT'S COUNSEL: If he's bringing it up (inaudible) what the
circumstances were.


 THE COURT: I don't know about that. How long - how much further are you
going to examine him on this?


 APPELLANT'S COUNSEL: Just -



 At that point, the judge asked that the jury retire to the jury room. Out of the presence of the
jury, the State objected to any additional questions from Appellant's counsel about the facts
underlying Appellant's prior conviction. The judge sustained the objection as to further factual
testimony about Appellant's convictions and the revocation of his probation.

 In considering whether the judge's conduct in the incidents described above rises to the level
of fundamental error, we again note that a trial judge has broad discretion in maintaining control of
the proceedings and expediting the trial. Jasper, 61 S.W.3d at 421. As to Appellant's complaint
that the judge gave unrequested instructions to the jury, we acknowledge that it is perhaps the better
practice to allow the objecting attorney to request an instruction to disregard testimony. However,
we find no error where, as here, the judge gave such an instruction sua sponte in three isolated
instances during a two-day trial.

 We also find that the judge's actions in the two exchanges with Appellant's counsel were
within his discretion in maintaining control of the trial. In the first exchange, the judge was entitled
to clarify the procedure to be used in refreshing Smith's memory and to require that a document be
admitted into evidence before being read aloud. In the second, a bench conference outside the
presence of the jury was the appropriate method for questioning the subject matter of the testimony
being elicited by Appellant's counsel. Further, the judge asked both counsel to approach the bench
rather than addressing Appellant's counsel directly and said nothing in front of the jury to indicate
the subject of the bench conference, either before the jury left the room or after they returned. Thus,
we find nothing in the record of the second incident which supports Appellant's contention that the
judge implied he disapproved of Appellant's case or attempted to embarrass or ridicule Appellant's
counsel in front of the jury.

 Based upon the foregoing analysis, we cannot agree with Appellant's conclusion that the
action of the judge in any of the five incidents cited by Appellant constitutes error. Even if we
concluded that the judge committed error in all of the cited incidents, the cumulative effect of such
error is not sufficiently egregious to constitute fundamental error and deprive Appellant of his right
to a fair and impartial tribunal. As stated in Blue v. State, 41 S.W.3d 129, 138 (Tex. Crim. App.
2000) (plurality opinion) (Keasler, J., concurring), "there will be a few cases where the judge's
statements when viewed objectively are so egregious as to render him biased." However, isolated
instances of conduct such as those described by Appellant in this case, even if error, do not translate
to an indication of the judge's views about Appellant's guilt or innocence and are insufficient to
"bear on the presumption of innocence or vitiate the impartiality of the jury." Jasper, 61 S.W.3d
421. Therefore, we conclude that fundamental error does not exist in this case and overrule
Appellant's second issue.


Conclusion


 Based upon our review of the record, we conclude that the trial court did not comment on the
weight of the evidence and did not commit fundamental error. Therefore, the judgment of the trial
court is affirmed.




 LEONARD DAVIS 

 Chief Justice



Opinion delivered April 12, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.









(DO NOT PUBLISH)
1. Appellant states in his brief that "[t]he thirteen objections also include two which the Court first made sua
sponte."
2. Article 38.05 provides as follows:


 In ruling upon the admissibility of the evidence, the judge shall not discuss or comment upon
the weight of the same or its bearing in the case, but shall simply decide whether or not it is
admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any
remark calculated to convey to the jury his opinion of the case.


Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).
3. As a prerequisite to appellate review, the record must show that:


 (1) the complaint was made to the trial court by a timely request, objection, or motion that:


 (A) stated the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context; . . .


 . . . .


Tex. R. App. P. 33.1(a)(1)(A).


 
4. Appellant has made no showing that the judge's instruction was insufficient to cure any possible harm arising
from the judge's question and does not argue that the jury disregarded the instruction.
5. Whether the judge erred in excluding the evidence is a separate issue and was not raised by Appellant. 
6. Even though Appellant's counsel objected to striking the questions in the portion of Tatum's testimony that
we have previously discussed, she did not request a ruling on the objection or object to the judge's failure to rule. 
Therefore, no error was preserved.