IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 904-02






CARROLL DWAYNE YOUNG, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Meyers, J., filed a dissenting opinion, in which Price and Johnson, JJ.,
joined.


DISSENTING OPINION 



 I agree with the majority that the Court of Appeals was correct in determining that
appellant's point of error was preserved for appeal. I disagree that the harm could have
been cured by an instruction to disregard and feel that the Court of Appeals correctly
determined that the jury was tainted by the exchange between the judge and venireperson
Valdez. The majority says that the appellant procedurally defaulted his remedy for failure
to ask the judge for an instruction to disregard the conversation that she had with the
venireperson. I respectfully disagree and dissent to this conclusion for the following
reasons:

 First, the error here was created by the trial judge and not by the state. Asking the
judge to give an instruction telling the jury to disregard her actions (1) would have been
fruitless and more antagonistic than helpful in seeking a new venire panel. The judge's
activity is a different component in this equation and a request to disregard is simply not
necessary. See Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000)(plurality
opinion). See also Tex. R. Evid. 605 ("The judge presiding at the trial may not testify in
that trial as a witness. No objection need be made in order to preserve the point.")

 Second, this is really not a mistrial situation. While a request such as this, when
made during voir dire is traditionally called a mistrial, it is really a request for the judge to
dismiss the venire and bring in a new one. Mistrials generate other considerations such as
double jeopardy, manifest necessity, delay of trial, inconvenience to witnesses and expense
of retrial, etc. that are not issues in this situation. Therefore, a request for an instruction to
disregard is not necessary since this is not a true mistrial situation. Since I do not feel that
this step is required, I do not think that the appellant should be penalized for not requesting
it.

 Third, while the majority concludes that an instruction to disregard would have cured
the error herein, it is still a fact that one was not given and therefore this venire panel, and
later the jury, was still influenced by this discourse between the judge and the former
venireperson. Because this is judge caused error and the judge should have known the
possible ramifications, the appellant should not lose by default for failing to request an
instruction to disregard. Lastly, I disagree with the majority's conclusion that an
instruction to disregard would have been sufficient to cure the harm caused by this error.

 The majority claims that an instruction by the judge to disregard her statements
would have cured the prejudice because: 

 it seems probable that other members of the venire, drawing on their own
experiences regarding the truth-telling tendencies of young children, would question
the veracity of Ms. Valdez' statements that she had never known a child with whom
she worked to lie. An instruction to disregard may have served only to underscore
any incredulity that the other prospective jurors already felt. Second, Ms. Valdez
ultimately was challenged for cause by the appellant and was dismissed. Her
departure at such an early stage in the trial may have mitigated any prejudice caused
by her remarks, and an instruction to disregard, combined with her absence from the
remainder of the trial, may have been easier for the remaining prospective and
ultimately selected jurors to follow. Also, as the State points out, Ms. Valdez was
not a witness in the trial and had not been presented as an expert. The record does
not reflect any discussion of her educational background, the type of program in
which she worked, or the specific type of work that she performed. 


Slip op. at 10. Each of these arguments makes assumptions about the thought processes of
the veniremembers that we have no way of knowing. First, we don't know what experiences
with the truth-telling tendencies of young children the members of the venire may have had,
and we don't know that they felt incredulity toward Ms. Valdez' statements about children
with whom she worked. Additionally, the fact that Ms. Valdez "was not a witness in the trial
and had not been presented as an expert" does not mean that her statements, which were
practically testimony, did not influence the rest of the venire. If we're going to speculate
about the thought processes and experiences of the veniremembers then let's go ahead and
assume that the panel of prospective jurors probably don't know Article VII of the Texas
Rules of Evidence and thus did not realize that the fact that there was no discussion of her
educational background and qualifications indicates that she is not an expert. In fact, her
fellow veniremembers may have given her statements even more consideration because she
was a neutral party rather than a hired expert called by one side. We have no way of
knowing this and should not make assumptions about what the individual veniremembers
may have thought about the dialog between the judge and Ms. Valdez. Instead, we should
base our decision regarding the harm and prejudice on the characteristics of the dialog
itself, since they, unlike the thoughts of the jurors, can be accurately ascertained. The
dialog was extensive; Ms. Valdez was adamant in her belief that children never lie about
these things; and the entire venire was present and was in a setting where each venireperson
would be paying close attention to the conversation between the judge and a fellow
veniremember. Additionally, the fact that Ms. Valdez was challenged for cause and stricken
indicates that the judge acquiesced that her opinions and conclusions, which had been
shared with the entire venire, were biased and would affect her ability to render an impartial
verdict. Thus, this examination of Ms. Valdez by the judge was lengthy, her opinion was
repeatedly emphasized, and the panel was focused on the discussion. In many ways, the
dialog between Ms. Valdez and the judge was similar to testimony. 

 Due to the nature of the discourse, even if an instruction to disregard had been given,
the entire jury panel would still be influenced by the statements. Additionally, because the
judge's interaction with Ms. Valdez is part of what made the dialog so harmful, an
instruction by the judge to the panel to disregard would be tantamount to the judge saying
"disregard my conversation with Ms. Valdez" which would undermine the benefit of the
instruction and the venire may then view all of the judge's comments incredulously or with
uncertainty.

 As mentioned above, because jeopardy had not yet attached, there were measures
that could have been taken by the trial judge to ensure a fair trial that, unlike an instruction
to disregard, would have been beneficial but less drastic than declaring a mistrial, such as
dismissing the venire and requesting a new one. (2) Instead, no measures at all were taken and
this failure to cure the harm caused by the comments of Ms. Valdez tainted the jury that was
chosen from this venire and may have affected the outcome of the trial. For this reason, I
feel that appellant was entitled to relief and would affirm the holding of the Court of
Appeals. I respectfully dissent.

 Meyers, J.


Filed: June 9, 2004

Publish
1. It seems that everyone, including the state and the dissenting opinions at the Court of Appeals
feel that the judge committed error in carrying on this conversation in front of the entire venire.
2. Article 34.02 of the Texas Code of Criminal Procedure allows the court to order additional
veniremen when the court deems that the veniremen theretofore drawn will be insufficient for the trial of
the case. While this statute has been applied more for when there are not enough veniremembers to
construct a jury due to challenges, it could also apply to cases such as the one before us.