NO. 07-07-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 8, 2008

______________________________


NATHAN HURD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 06-09-6274; HONORABLE HAROLD PHELAN, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Nathan Hurd, was convicted by a jury of
aggravated assault with an affirmative finding on use of a deadly weapon. Punishment
was assessed at two years confinement. Appellant presents a two-pronged issue
complaining that the trial judge committed fundamental error, which did not require an
objection to preserve error, by his comments to the venire panel during voir dire that, “[t]he
Defendant is not here, is our main problem right now. Got any volunteers wants [sic] to
stand in? No volunteers.” We affirm.
State’s Failure to File Appellate Brief
          Appellant’s brief was filed on November 9, 2007. After an extension of time was
granted, the State’s brief was due on or before January 9, 2008. Notwithstanding the
extension, the State did not favor this Court with a brief. Rule 38.8(b) of the Texas Rules
of Appellate Procedure expressly guides this Court as to what to do if an appellant fails to
file a brief; however, there is no corresponding rule to guide us when the State fails to file
a brief in response to an appellant’s brief. Whenever the State fails to file a brief, an
appellate court should conduct an independent analysis of the merits of the appellant’s
claim of error, limited to the arguments raised at trial by the State, to determine if there was
error. See Little v. State, 246 S.W.3d 391, 398 (Tex.App.–Amarillo 2008, no pet.) (citing
Siverand v. State, 89 S.W.3d 216, 220 (Tex.App.–Corpus Christi 2002, no pet.)). The
decision to independently review the merits of Appellant’s contentions should not be
construed as approval of the State’s dereliction of its responsibility to file a brief. The
State’s failure to file a brief, in this or any other action, makes the job of this Court
considerably more time consuming and difficult.
 
 
Trial Judge’s Comments
          Without Appellant being present, the clerk of the trial court called the roll of
prospective jurors and the trial judge administered their oath. The judge then instructed
the venire panel on qualifications to serve as a juror and exemptions that could be claimed. 
After excusing prospective jurors but before seating a jury, defense counsel stepped out
to make a phone call. The judge then commented:
Well, we are going to stand by just a minute. The Defendant is not here, is
our main problem right now. Got any volunteers wants [sic] to stand in? No
volunteers.
 
After a brief recess, Appellant was present and the proceedings commenced.
          Appellant maintains the trial court’s comments bear on the presumption of
innocence or vitiate the impartiality of the jury. See Jasper v. State, 61 S.W.3d 413, 421
(Tex.Crim.App. 2001). We disagree. In a plurality opinion, the Court of Criminal Appeals
held that a trial judge’s comments, “which tainted [the defendant’s] presumption of
innocence in front of the venire, were fundamental error of constitutional dimension and
required no objection.” See Blue v. State, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000). 
          We first address Appellant’s contention that no objection was necessary to preserve
his complaint.


 We may review fundamental error without an objection. See Tex. R. Evid.
103(d); Jasper v. State, 61 S.W.3d 413, 420 (Tex.Crim.App. 2001). In concluding that
comments did not bear on the defendant’s presumption of innocence, the Court in Jasper
avoided the issue of whether an objection was necessary to preserve error. Id. at 421. In
Gordon v. State, 191 S.W.3d 721, 726 (Tex.App.–Houston [14th Dist.] 2006, no pet.), the
court made an interesting observation that if a trial judge’s “comments impermissibly tread
on a defendant’s presumption of innocence,” then no objection is necessary and there is
error. It follows that if the comments do not bear on the defendant’s presumption of
innocence, then there is no error regardless of whether an objection was made. Id. With
this observation in mind, we find it unnecessary to decide whether an objection was
necessary to preserve Appellant’s complaint. 
          Article 38.05 of the Texas Code of Criminal Procedure provides in part that a trial
judge shall not “at any stage of the proceeding previous to the return of the verdict, make
any remark calculated to convey to the jury his opinion of the case. See Tex. Code Crim.
Proc. Ann. art. 38.05 (Vernon 1979). See also Simmons v. State, 55 Tex. Crim. 441, 117
S.W. 141, 143 (1909). The trial judge’s comments did not convey his opinion or
impression about Appellant’s case to the jury. They did not impart to the jury any
information intended to taint the presumption of innocence or vitiate the impartiality of the
jury. We conclude that the comments, although ill-advised, did not rise to the level of the
comments requiring reversal as in Blue, 41 S.W.3d at 132 (judge’s comments that
imparted to jury that the defendant had seriously considered entering into a plea
agreement tainted the presumption of innocence). Appellant’s issue is overruled.
          Accordingly, the trial court’s judgment is affirmed.
                                                                           Patrick A. Pirtle

                                                                                 Justice

 



Do not publish.