# NO. 12-09-00369-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY SHANE LEE,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeremy Shane Lee appeals his conviction for possession of a controlled substance with intent to deliver. In two issues, Appellant argues that the trial court erred in interrupting and limiting his voir dire examination. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance with intent to deliver. Appellant pleaded not guilty, and the guilt-innocence phase of the case was tried before a jury. The jury found Appellant guilty of the charged offense. After finding an enhancement paragraph to be true, the trial court assessed Appellant's punishment at imprisonment for fifteen years. This appeal followed.

## ERROR PRESERVATION

The court of criminal appeals has explained that the rights of a criminal defendant can be grouped into three categories: systemic requirements, waivable rights, and forfeitable rights. *Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (unanimous opinion). Systemic

requirements are laws that a trial court has a duty to follow even if the parties wish otherwise.[1] *Id.* "Any party that is entitled to appeal may complain on appeal that such a requirement was violated, even if the party failed to complain about the failure or waived the application of the law."[2] *Id.*

Waivable rights are "rights of litigants which must be implemented by the system unless expressly waived." *Id.* "Although a litigant might give them up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). A litigant need make no request at trial for the implementation of such rights because the judge has an independent duty to implement them absent an express waiver. *Id.* "As a consequence, failure of the judge to implement them at trial is an error which might be urged on appeal whether or not it was first urged in the trial court." *Id.*

Forfeitable rights are rights of litigants that are to be implemented upon request. *Mendez*, 138 S.W.3d at 340. "A cursory examination of the myriad evidentiary and procedural rules comprising our system reveals that most of them are of this type." *Marin*, 851 S.W.2d at 278. The trial judge, as institutional representative, has no duty to enforce forfeitable rights unless requested to do so. *Id.* at 279-80. "Accordingly, an important consequence of a party's failure to petition enforcement of his forfeitable rights in the trial court is that no error attends failure to enforce them and none is presented for review on appeal."[3] *Id.* at 280.

Unlike systemic requirements and waivable rights, forfeitable rights are governed by Texas Rule of Appellate Procedure 33.1. *Mendez*, 138 S.W.3d at 342. Rule 33.1 reads, in pertinent part, as follows:

---

[1] The term "systemic requirement" relates to questions of error preservation and the applicability of Texas Rule of Appellate Procedure 33.1 to matters raised on appeal. *Mendez*, 138 S.W.3d at 340-41. It should not be confused with the term "structural error," a term used to describe errors not subject to harm analysis, and unrelated to the question of error preservation. *Id.* at 339-40.

[2] However, a party may be estopped from complaining about an error that it invited. *Mendez*, 138 S.W.3d at 340.

[3] "Although often called a waiver, it is manifest from the written opinions of this Court that we do not require 'voluntary relinquishment of a known right' under such circumstances. The litigant's failure to speak up is quite enough." *Marin*, 851 S.W.2d at 280.

2

As a prerequisite to presenting a complaint for appellate review, the record must show that:

> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
>> (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
>>
>> (B) complied with the requirements of the [Texas Rules of Evidence] or the Texas Rules of Civil or Appellate Procedure; and
>
> (2) the trial court:
>
>> (A) ruled on the request, objection, or motion, either expressly or implicitly; or
>>
>> (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a). Error involving forfeitable rights is not preserved for appellate review unless the requirements of rule 33.1 are met. *Mendez*, 138 S.W.3d at 342. Constitutional, statutory, and common law rights classified as forfeitable rights are each subject to rule 33.1.[4] *Id.*

## LIMITATIONS OF VOIR DIRE

In his first issue, Appellant asserts that the trial court's interruption of his voir dire resulted in an improper limitation of his voir dire examination.

### Voir Dire

During Appellant's voir dire examination, Appellant's counsel explained that Appellant had a right to remain silent and that his silence could not be deemed as evidence against him. Appellant's counsel had several exchanges with different venire members regarding this topic. Finally, one asked Appellant's counsel if Appellant had told him Appellant's "side of the story." After allowing Appellant's counsel an opportunity to engage that venireperson, the trial court

---

[4] The court of criminal appeals has, in the past, analyzed issues of error preservation under the "fundamental error" model. *Mendez*, 138 S.W.3d at 341. Questions of error preservation are now considerED under the framework of systemic requirements, waivable rights, and forfeitable rights set forth in *Marin*. *Id.*

3

interrupted the proceedings as follows:[5]

**THE COURT:**

Let me interrupt. Please take a seat, Counsel. Ladies and gentlemen, I'm going to have to do a little civics lesson for you. All of us have different roles in a courtroom. I'm the judge of the law. Okay? What have I told you you're going to be?

**THE VENIRE:**

Judges.

**THE COURT:**

Judges of the facts. And then we have counsel representing representative positions here. All of us have a role of secrecy. Did you know that? During the course of this trial, there will be occasions when I will probably hear evidence outside your presence and in secrecy of your hearing. I'm going to be making decisions about the rule of law, code of evidence, we call it. No one should [disparage] me fulfilling my role as a judge of the law to determine what's competent evidence for you to hear.

There's another role of secrecy of the attorneys, who laugh about it, but it's very sacrosanct, like when you go to church and you talk to . . . clergy, the clergy/parishioner privacy, or privilege. And we take that very seriously. The same thing is true with regard to attorney/clients. He can't even answer the question if his client's told him or asked him anything. He can't answer that. If he had answered that, he would have been sanctioned by the State Bar of Texas. He appropriately told you he can't answer that. So there's an attorney/client privilege that we have to respect.

Guess what? You folks as judges of the facts, when all of this evidence is over with and I finally give you the charge of the Court and you go back there to that jury room, guess what's going to happen? In secrecy[,] you're going to be fulfilling your role in talking about this case among yourselves. And guess who gets to listen in on that? No one. It will be so vigorously defended that I'll post an officer there with a weapon. And, in fact, the courts of law won't even let us invade the province of a jury asking certain questions about what you did talk about. It's very limited.

So you see my point? We all have separate roles of secrecy, and we all have the rule of law that governs our conduct. Now, one of the fundamental principles of the rule of law in America in our Bill of Rights is the Fifth Amendment right to remain silent. Here's the instruction you're going to get in the charge of the court, and the real question you're going to have to answer is whether or not you can follow the rule of law on this case.

I will be instructing you [that] the defendant has a right to remain silent and not give testimony. It doesn't matter what the reasons are. That's the right. You have it. I have it. Anyone has it. The failure to testify may not be taken as any evidence of guilt or considered for any reason. That's

---

[5] While the record is not conclusive, it appears that Appellant's counsel had spoken to the entire venire panel regarding Appellant's right to remain silent before the trial court interrupted his examination. When interrupted by the trial court, Appellant's counsel appeared to be in the process of further questioning the venire panel regarding whether Appellant had disclosed his side of the story to him.

4

the instruction you will be given: The failure to testify may not be taken as any evidence of guilt or considered for any reason. On the other hand, if the defendant does testify, it carries no specific weight or special weight. You must be able to consider the testimony in the same manner as you consider the testimony of any other witness.

Now, the question is whether or not you can follow that instruction. The failure to testify may not be taken as any evidence of guilt or considered for any reason. Is there anyone that cannot follow that instruction? If you can't, that's fine; but we need to know now.

**THE VENIRE:**

(No response).

**THE COURT:**

Any question about the instruction that will be given?

**THE VENIRE:**

(No response).

**THE COURT:**

Everyone understand the right of privacy or secrecy of a judge, of an attorney, and of a jury here?

**THE VENIRE:**

(No response).

**THE COURT:**

All right. Thank you. You may proceed, Counsel.

**[APPELLANT'S COUNSEL]:**

A better civics lesson than I could give. . . . .


Appellant's counsel made no objection to the interruption by the trial court or to any aspect of the trial court's comments to the jury. After the interruption, Appellant's counsel continued with his voir dire examination. Appellant subsequently challenged several individual venirepersons for cause, and the trial court granted those challenges. A jury was empaneled, and Appellant's counsel, after being specifically asked by the trial court if he had any objections regarding the jury as empaneled, stated that he had no objections.

5

**Discussion**

In his first issue, Appellant has characterized the trial court's interruption of his voir dire as a de facto limiting of that voir dire. However, a trial court's imposition of limitations on voir dire involves forfeitable rights subject to procedural default under rule 33.1. *See Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003) (requiring error preservation for limiting of questions to be asked on voir dire); *Taylor v. State*, 939 S.W.2d 148, 154-55 (Tex. Crim. App. 1996) (requiring error preservation for time limits on voir dire). To preserve error relating to a trial court's imposition of limitations on voir dire, an appellant must show that he was prevented from asking particular questions that were proper. *See Sells*, 121 S.W.3d at 756. If all that is shown is that the trial court generally disapproved of an area of inquiry from which proper questions could have been formulated, error is not preserved because the trial court might have allowed a proper question had it been submitted for consideration. *See id.*

We note that, in the appeal before us, the trial court never explicitly limited Appellant's ability to propound a specific question to the venire. Instead, Appellant argues that the trial court, by its conduct, imposed a de facto limitation on Appellant's counsel's ability to further question the venire on the topic of an individual's right to remain silent. This issue has not been preserved for review because Appellant failed to complain to the trial court about the alleged limitation and failed to submit to the trial court any questions that Appellant's counsel sought to propound to the panel. *See id.*; *see also* TEX. R. APP. P. 33.1. Therefore, we overrule Appellant's first issue.

## TRIAL COURT COMMENTS

In his second issue, Appellant argues that the above comments by the trial court exceeded the boundaries of a judge's role in the voir dire process.

**Applicable Law**

A trial court may intervene in a voir dire examination for the purposes of clarification and expedition. *Gardner v. State*, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987). The trial court's comments become error only when reasonably calculated to benefit the state or prejudice the defendant's rights. *Id.* If these comments rise to the level that they violate an appellant's right to a fair and impartial jury, they constitute error that may be raised for the first time on appeal. *See*

***Blue v. State***, 41 S.W.3d 129, 131-33 (Tex. Crim. App. 2000) (plurality op.) (analyzing error as if involving waivable right under ***Marin***). However, if these comments do not rise to such a level, they are subject to the error preservation requirements of rule 33.1. *See **Marin***, 851 S.W.2d at 278 ("A cursory examination of the myriad evidentiary and procedural rules comprising our system reveals that most of them are of [the forfeitable] type."); *cf.* ***Jasper v. State***, 61 S.W.3d 413, 420-21 (Tex. Crim. App. 2001) (analyzing trial court's comments in light of ***Blue***).

## Discussion

In ***Blue v. State***, the trial court told the venire that the defendant seriously considered entering into a plea agreement and that the trial court would have preferred that the defendant had pleaded guilty. ***Blue***, 41 S.W.3d at 130. A plurality of the court of criminal appeals found that the trial court's comments imparted information to the venire panel that tainted the presumption of innocence. *Id.* at 132. The plurality held that such error need not be preserved for appellate review. *Id.* at 132-33.

Here though, the trial court's actions are far different from the trial court's in ***Blue***. Without tainting the presumption of innocence, the trial court simply explained an individual's right against self-incrimination. Appellant does not argue that the trial court's comments were not fair or not impartial. Instead, Appellant argues that the trial court supplanted the role of Appellant's counsel. Even if the trial court's comments constituted error by usurping the role properly exercised by Appellant's counsel, the comments do not rise to the level of error that need not be preserved. *Cf. **id.*** at 132-33. Because Appellant failed to object to the trial court's comments, his complaint about them is not preserved. *See* TEX. R. APP. P. 33.1. We overrule Appellant's second issue.

## DISPOSITION

We ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)