# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00730-CR

**George Robert Powell III, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 63,436, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted George Robert Powell III of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2003). On appeal, Powell argues that the trial judge impermissibly commented on the weight of the evidence by instructing the jury that two defense witnesses had violated Texas Rule of Evidence 614 ("the Witness Rule" or "the Rule"). *See* Tex. Crim. Proc. Code Ann. art. 38.05 (West 1979) (trial judge may not comment on weight of evidence). Powell argues that the judge's comment was fundamental error requiring reversal. We affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

Powell was charged with aggravated robbery of a 7-Eleven convenience store. The State alleged that Powell entered the store, brandished a pistol, and ordered the clerk to give him money out of the register. Powell pleaded not guilty and went to trial. Before the trial commenced, the judge swore in the State's witnesses and instructed them as follows: "You all know what the

'Witness Rule' is, I'm sure. The Witness Rule requires that you wait outside or remain outside the hearing of the jury and of the witnesses, and don't discuss your testimony with anyone and don't permit anyone to discuss testimony with you." Neither party requested this instruction; rather, the judge gave it sua sponte. *See* Tex. R. Evid. 614 (court may invoke Rule of its own motion).

During its case in chief, the State called the clerk and manager of the 7-Eleven store as witnesses. Both identified Powell as the man who robbed their store. The State then called two clerks from Mickey's, another area convenience store that was robbed the day before the 7-Eleven.[1] The Mickey's clerks identified Powell as the man who robbed their store. They also testified that they had watched the videotape of the 7-Eleven robbery and believed that it depicted the same person who robbed Mickey's.

After the State rested its case, the defense called the clerk and manager of a third area convenience store, a Valero, that was robbed twelve days before the 7-Eleven. The Valero employees, Sherry Rose and Victoria Noyola, were not present when the Rule was invoked and the State's witnesses sworn in before trial. Rather, the judge swore in Rose and Noyola just before they testified on the third day of trial and gave them no instructions on the Rule.

Rose testified that she knew Powell personally because he had come into the Valero store several times. She also testified that she believed Powell was not the man who robbed the Valero store because Powell was taller than and spoke differently from the robber. Noyola then

---

[1] Powell did not object to the admission of testimony regarding this extraneous offense. Indeed, as we discuss below, he introduced evidence of a third extraneous offense. It appears that both parties assumed extraneous-offense evidence was relevant to establishing the identity of the 7-Eleven robber. *See* Tex. R. Evid. 404(b).

testified that she had seen the videotape of the 7-Eleven robbery and believed that it showed the same man who had robbed the Valero store, but she did not believe that that man was Powell. Noyola echoed Rose's belief that Powell was taller than the robber.

On cross-examination, Noyola admitted that earlier in the day she and Rose had discussed the Valero robbery while in the presence of a private investigator employed by the defense. Noyola claimed, however, that she and Rose had not "shar[ed] information" or tried "to get [their] stories straight" during the discussion. The prosecutor then asked the judge to excuse the jury from the courtroom, and the following exchange occurred:

PROSECUTOR: Judge, based on Ms. Noyola's testimony, . . . I believe we've got a violation of the Rule.

COURT: Well, the Rule was never invoked with those folks.

PROSECUTOR: That was the other thing. I couldn't remember when we brought everybody in. I didn't remember if you instructed them that the Rule had been invoked.

COURT: Well, the Rule was invoked except for these witnesses. They just showed up today.

PROSECUTOR: Well, no. Once the Rule is invoked, Judge, the attorneys have an obligation to tell the witnesses.

COURT: Well, I hadn't told the witnesses anything.

PROSECUTOR: Right. I understand that. I just need to look at that and for us to have a chance to talk, and then we can do further cross-examination if we need to.

After a brief recess, the State moved to strike the testimony of Rose and Noyola for violation of the Rule. Defense counsel countered that Rose and Noyola had not violated the Rule

because they had discussed the case before they were sworn in, and to strike their testimony would deprive Powell of his right to a fair trial. The judge expressed the practical difficulty of striking the testimony after the jury had already heard it, and he asked the parties if they could reach an agreement about keeping the testimony in but instructing the jury that Rose and Noyola had violated the Rule. Defense counsel suggested that such an instruction would constitute an impermissible comment on the weight of the evidence.

After another recess, defense counsel informed the judge that he had learned a new detail: Rose and Noyola had not only spoken about the robbery earlier in the day but had also watched the 7-Eleven video together. At that point the proceedings went off the record.

When the proceedings went back on the record, the judge recalled the jury to the courtroom and told it the following:

> Ladies and gentlemen, sometimes I have to give you legal instructions, and at this stage of the trial I have a legal instruction I want to give you. The legal instruction is pretty simple.
> On Monday morning before the trial starts the judge gets all the witnesses together and swears them all in to tell the truth before they start. And y'all know that because you have seen some of the witnesses have come up here, and I said, "Have you already been sworn in?" And, you know, 90% of them have already been sworn in.
> All right. At that time when I swear them in I give them the instruction on the "[R]ule," the Witness Rule, and I tell them from now on y'all can't talk about the case, you can't discuss the case, you can't let anybody discuss the case with you or anything like that. You just have to come in, present your testimony without regard to what somebody else has said.
> All right. So that's the Witness Rule, and, of course, the lawyers know that. The lawyers are supposed to tell all the witnesses about the Witness Rule if they are not here.
> The last two witnesses that we had were Mrs. Rose and Ms. Noyola, and those were the two witnesses that talked together Monday after the Rule was invoked, viewed the video together and discussed it with the investigator, and they

4

weren't supposed to do that. So, I just want you to know that. And then with that we'll just go on with our trial.

The judge then asked the parties, "Anything else?" Defense counsel answered, "No, sir."

After both sides rested, the jury found Powell guilty of robbing the 7-Eleven and imposed a twenty-eight-year sentence. Powell appeals.

## STANDARD OF REVIEW

To constitute reversible error, a trial court comment regarding the weight of the evidence "must be such that it is reasonably calculated to benefit the State or to prejudice the rights of the defendant." *Becknell v. State*, 720 S.W.2d 526, 531 (Tex. Crim. App. 1986). This occurs when the court "makes a statement that implies approval of the State's argument, that indicates any disbelief in the defense's position, or that diminishes the credibility of the defense's approach to its case." *Watts v. State*, 140 S.W.3d 860, 863 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

## DISCUSSION

Texas Rule of Evidence 614 provides that at the request of a party or on the court's own motion, the court "shall order witnesses excluded" from the courtroom "so that they cannot hear the testimony of other witnesses." Tex. R. Evid. 614. Once invoked, the Rule also prohibits witnesses from discussing the case outside the courtroom. *See* Tex. Crim. Proc. Code Ann. art. 36.06 (West 1979).

Powell argues that the trial judge impermissibly commented on the weight of the evidence by telling the jury that Rose and Noyola violated the Rule. *See id*. art. 38.05 (trial judge

5

may not comment on weight of evidence). We hold that Powell waived this argument because he did not object to the judge's statement.

Generally, to preserve a complaint for appellate review, a party must make a timely, specific objection in the trial court. *See* Tex. R. App. P. 33.1(a); *Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App.—Austin 2008, pet. ref'd). Here, Powell did not object to the trial judge's statement that Rose and Noyola had violated the Rule. In fact, after the judge told the jury that Rose and Noyola had violated the Rule, the judge addressed counsel directly and asked, "Anything else?" Defense counsel answered, "No, sir." Thus, Powell waived any argument that the court improperly commented on the weight of the evidence.[2] *See id.*

Powell concedes that he failed to object, but he argues that the trial court's statement tainted his presumption of innocence and therefore represented fundamental error that did not require objection. *See* Tex. R. Evid. 103(d) (in criminal case, appellate court may note fundamental errors that were not raised in trial court); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (fundamental error is error so egregious that it deprives defendant of right to fair trial).

To support his fundamental-error argument, Powell relies primarily on *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000). In *Blue*, the trial court told the venire that the defendant had attempted to strike a plea bargain with the State and that the trial court wished the defendant had

---

[2] For the same reason, Powell waived the argument that Rose and Noyola did not actually violate the Rule. Powell does not enumerate this argument as a separate point of error, but he makes it in passing. Even if Powell had not waived the argument, which he bases on the fact that the court invoked the Rule before Rose and Noyola were sworn in, it would not constitute grounds for reversal; the Rule applies to all prospective witnesses once invoked, and the parties are obligated to ensure that it is obeyed. *See Webb v. State*, 766 S.W.2d 236, 245 (Tex. Crim. App. 1989).

pleaded guilty. *Id*. at 132-33. A plurality of the court of criminal appeals held that the trial court's statements tainted the presumption of innocence, constituting fundamental error and therefore requiring no objection to preserve error. *Id*.

The plurality opinion in *Blue* is not binding precedent, *see Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001), but even if it were, the trial court's comments in this case did not rise to the level of those in *Blue*. The comments in *Blue* touched upon the core issue of a defendant's guilt or innocence. *See Blue*, 41 S.W.3d at 132 ("A juror who hears the judge say that he would have preferred that the defendant plead guilty might assume that the judge knows something about the guilt of the defendant that the juror does not. Surely, no trial judge would want an innocent man to plead guilty, no matter how much delay and expense he might be causing."). Here, in contrast, the trial court stated only that two defense witnesses violated the Rule. At most, the court's statement suggested that the witnesses' testimony might not be credible.[3] *See Watts*, 140 S.W.3d at 863 (court comment on evidence is improper if it diminishes credibility of defense's approach to case). Powell cites no authority suggesting that such a statement represents *fundamental* error, and significant authority suggests that it does not; Texas courts have indicated that improper comments may represent fundamental error when they taint the presumption of innocence or undermine the impartiality of the jury. *See, e.g.*, *Jasper*, 61 S.W.3d at 421 (holding that even under reasoning of *Blue*, trial judge's comments would not rise to level of fundamental error because they lacked elements that would taint presumption of innocence or prejudice the jury); *Ganther v. State*,

---

[3] We note, though, that even though the court mentioned the Rule violation to the jury, it did not say whether or how the violation should affect the jury's view of the evidence.

187 S.W.3d 641, 650-51 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (concluding that even if court of appeals were bound by *Blue* plurality, trial judge's comments did not rise to level of tainting presumption of innocence or vitiating impartiality of the jury). Powell asserts that the trial court's comment on the Rule violation did "taint his presumption of innocence," but we disagree; a suggestion that two witnesses may be untrustworthy is very different from a suggestion that the defendant may be guilty. *Cf. Blue*, 41 S.W.3d at 132 (court tainted presumption of innocence when it told jury that defendant had sought plea bargain and that court wished defendant had pleaded guilty).

In sum, we conclude that the trial court's statement regarding Rose and Noyola's Rule violation does not rise to the level of fundamental error. *See Jasper*, 61 S.W.3d at 421; *Ganther*, 187 S.W.3d at 650-51. Because Powell did not object to the trial court's comment and because the alleged error was not fundamental, Powell's complaint is waived. *See id*. We affirm the conviction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: April 15, 2011

Do Not Publish