NO. 12-10-00252-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE INTEREST                                     §                      APPEAL
FROM THE 3RD

                                                                        

OF C.A.C.,                                                     §                      JUDICIAL
DISTRICT COURT

 

A CHILD                                                        §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

            C.D.C.
appeals the termination of her parental rights to her child, C.A.C.  In one
issue, C.D.C. asserts that the trial court committed fundamental error in
commenting on the verdict in the presence of the jury.  We affirm.

 

Background

            The
Texas Department of Family and Protective Services filed a petition for
termination of C.D.C.’s parental rights to her child, C.A.C.  The case went to
trial before a jury.  After deliberating, the jury sent a note indicating that
it reached a verdict.  Upon returning to the courtroom, the foreperson stated
that the jury reached a verdict, but it was not unanimous.  The court asked the
parties whether there was any objection to the court’s receiving the verdict,
and all announced that they had no objection.  After receiving the verdict from
the jury, the trial judge noticed that the form was not the original, but an
“exact copy of it,” and asked about the whereabouts of the original.  The judge
then read the jury’s verdict of “yes” to the question that asked whether
C.D.C.’s parental rights should be terminated.  The foreperson confirmed that
the verdict was not unanimous.  Upon C.D.C.’s request, the jury was polled. 
Eleven jurors confirmed they were in agreement with the verdict, and one juror
stated that he opposed the verdict.  Next, the trial court noted that the
polling corresponded to a verdict of eleven to one, which it would “accept at
this time.”  

            The
court then made the following comment directed to C.D.C.:

 

                [C.D.C], I’ve got to say this, it
never has - - I’ve always got to say something. [C.D.C.], you have absolutely
the worst attitude of anyone I’ve ever seen in my life in this courtroom. 
Shame on you. With all of your problems, I never showed [sic] you exhibit the
slightest emotion, regret over anything and you can roll your eyes, lady.
You’re the one looking at life in prison. They just took your kid. You haven’t
done - - you - - I’m not going to argue with you. I’m - - Your eyes - - rolling
your eyes tells it all. Let me tell you something, young lady, I’m going to go
home today. You are going to sit in that jail.

 

 

Next, the court turned its
attention back to the jury:

 

I agree with your verdict.  All right. I’m going - -
All the previous instructions this Court has given you are hereby removed.  Folks,
you are free to discuss, or not discuss this verdict.  I would, however, like
to meet with y’all in the Jury Room and talk with you a minute . . . If there
is no objection, we’ll stand in recess.  All right. . . . Let  me do this. I’m
going to send the jury back to correspond the original to the one that I’ve
got.  Okay?  The original is the one that’s file stamped and has my signature. 
If y’all would get - - correspond it, sign it, again, and answer it as
reflected. Okay?  All right.  Thank you.

 

 

After the jury
left, the trial court ordered the termination of C.D.C.’s parental rights on
the record.  When the jury returned, the trial court announced that the jurors
“conformed the verdict form, the original with the copy.”  After the parties
confirmed that they had nothing further, the court ordered the verdict filed
and concluded the proceedings. In accordance with this verdict, the trial court
signed a final order terminating C.D.C.’s parental rights.  This appeal
followed.

 

Fundamental Error

            In her
sole issue, C.D.C. argues that the trial court committed fundamental error by
commenting on the weight of the evidence and by telling the jury he agreed with
its verdict. 

            Texas
Rule of Appellate Procedure 33.1 requires a party to preserve a complaint for
appellate review by making a timely and specific objection.  Tex. R. App. P. 33.1.  C.D.C. did not
object to the comments made by the trial court.  However, she argues that an
objection was not needed to preserve the issue on appeal because, under the authority
of Blue v. State, the comments constituted fundamental error.  Blue
v. State, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (plurality op.)
(holding that because the trial court’s comments rose to the level of
fundamental error, no objection was required).  C.D.C. argues we should extend
the criminal fundamental error doctrine applied in Blue to
encompass the termination of parental rights.  

            However,
the Texas Supreme Court has specifically declined to extend the criminal
fundamental error doctrine to parental rights termination cases.  In re
B.L.D., 113 S.W.3d 340, 350-51 (Tex. 2003).  The court reasoned that
“because termination cases do not apply criminal procedural or evidentiary
rules (that are only applicable to criminal cases), they do not necessarily
incorporate the concomitant criminal fundamental-error doctrine.”  Id.
at 351. Although the type of error alleged in B.L.D.
was charge error, the rationale discussed in B.L.D. shows that
the nature of parental termination proceedings requires preservation of this
type of alleged error.  See id.  Accordingly, by
not objecting at trial to the trial court’s remarks, C.D.C. failed to preserve
her argument on appeal.  See id.; see also Tex. R. App. P. 33.1.  We overrule
C.D.C.’s sole issue.

 

Disposition

            We affirm
the judgment of the trial court.

 

James T.
Worthen

                                                                              
                          Chief Justice

 

 

 

Opinion delivered August 17,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)