# NO. 12-10-00252-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE 3RD* |
| *OF C.A.C.,* | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

C.D.C. appeals the termination of her parental rights to her child, C.A.C. In one issue, C.D.C. asserts that the trial court committed fundamental error in commenting on the verdict in the presence of the jury. We affirm.

## BACKGROUND

The Texas Department of Family and Protective Services filed a petition for termination of C.D.C.'s parental rights to her child, C.A.C. The case went to trial before a jury. After deliberating, the jury sent a note indicating that it reached a verdict. Upon returning to the courtroom, the foreperson stated that the jury reached a verdict, but it was not unanimous. The court asked the parties whether there was any objection to the court's receiving the verdict, and all announced that they had no objection. After receiving the verdict from the jury, the trial judge noticed that the form was not the original, but an "exact copy of it," and asked about the whereabouts of the original. The judge then read the jury's verdict of "yes" to the question that asked whether C.D.C.'s parental rights should be terminated. The foreperson confirmed that the verdict was not unanimous. Upon C.D.C.'s request, the jury was polled. Eleven jurors confirmed they were in agreement with the verdict, and one juror stated that he opposed the verdict. Next, the trial court noted that the polling corresponded to a verdict of eleven to one, which it would "accept at this time."

1

The court then made the following comment directed to C.D.C.:

> [C.D.C], I've got to say this, it never has - - I've always got to say something. [C.D.C.], you have absolutely the worst attitude of anyone I've ever seen in my life in this courtroom. Shame on you. With all of your problems, I never showed [sic] you exhibit the slightest emotion, regret over anything and you can roll your eyes, lady. You're the one looking at life in prison. They just took your kid. You haven't done - - you - - I'm not going to argue with you. I'm - - Your eyes - - rolling your eyes tells it all. Let me tell you something, young lady, I'm going to go home today. You are going to sit in that jail.

Next, the court turned its attention back to the jury:

> I agree with your verdict. All right. I'm going - - All the previous instructions this Court has given you are hereby removed. Folks, you are free to discuss, or not discuss this verdict. I would, however, like to meet with y'all in the Jury Room and talk with you a minute . . . If there is no objection, we'll stand in recess. All right. . . . Let me do this. I'm going to send the jury back to correspond the original to the one that I've got. Okay? The original is the one that's file stamped and has my signature. If y'all would get - - correspond it, sign it, again, and answer it as reflected. Okay? All right. Thank you.

After the jury left, the trial court ordered the termination of C.D.C.'s parental rights on the record. When the jury returned, the trial court announced that the jurors "conformed the verdict form, the original with the copy." After the parties confirmed that they had nothing further, the court ordered the verdict filed and concluded the proceedings. In accordance with this verdict, the trial court signed a final order terminating C.D.C.'s parental rights. This appeal followed.

## FUNDAMENTAL ERROR

In her sole issue, C.D.C. argues that the trial court committed fundamental error by commenting on the weight of the evidence and by telling the jury he agreed with its verdict.

Texas Rule of Appellate Procedure 33.1 requires a party to preserve a complaint for appellate review by making a timely and specific objection. TEX. R. APP. P. 33.1. C.D.C. did not object to the comments made by the trial court. However, she argues that an objection was not needed to preserve the issue on appeal because, under the authority of *Blue v. State*, the comments constituted fundamental error. *Blue v. State*, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (plurality op.) (holding that because the trial court's comments rose to the level of fundamental error, no objection was required). C.D.C. argues we should extend the criminal fundamental error doctrine applied in *Blue* to encompass the termination of parental rights.

2

However, the Texas Supreme Court has specifically declined to extend the criminal fundamental error doctrine to parental rights termination cases. *In re B.L.D*., 113 S.W.3d 340, 350-51 (Tex. 2003). The court reasoned that "because termination cases do not apply criminal procedural or evidentiary rules (that are only applicable to criminal cases), they do not necessarily incorporate the concomitant criminal fundamental-error doctrine." *Id*. at 351. Although the type of error alleged in *B.L.D.* was charge error, the rationale discussed in *B.L.D.* shows that the nature of parental termination proceedings requires preservation of this type of alleged error. *See id*. Accordingly, by not objecting at trial to the trial court's remarks, C.D.C. failed to preserve her argument on appeal. *See id*.; *see also* TEX. R. APP. P. 33.1. We overrule C.D.C.'s sole issue.

## DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3