

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00203-CR

HERMILO SANCHEZ-TAPIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2013-475,994, Honorable Mark Hocker, Presiding

March 10, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Hermilo Sanchez-Tapia, was convicted of driving while intoxicated[1] (DWI) and sentenced to 270 days confinement in the Lubbock County Jail. Appellant has perfected his appeal and, through two issues, contends that the judgment of the trial court should be reversed. Appellant's first contention is that the trial court erred in overruling appellant's issue for an article 38.23 jury instruction regarding the public or

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

private nature of the location of the arrest.[2]  Appellant's second issue contends that the trial court commented on the evidence during a discussion in front of the jury.  We disagree and will affirm.

Factual and Procedural Background

Appellant is not contesting the sufficiency of the evidence to support the jury's verdict.  Therefore, we limit our discussion of the evidence to the issues presented on appeal.

Appellant was arrested on August 7, 2013, for DWI.  The events leading up to his arrest centered on a reported accident in the parking adjacent to a business owned by Manuel Fernandez.  Fernandez owns and operates a business, Manuel's Appliances, at 7516 Interstate 27 in Lubbock, Texas.  Fernandez's business is adjacent to Applegate RV Park.[3]  After receiving notice that his truck had been struck by another truck, Fernandez reported the accident by a 911 call to the Lubbock Police Department.

Officer Rayland Goswick responded to the call.  Based upon his observations of the scene of the accident and the fact that Fernandez had appellant stay at the scene, Goswick was able to identify appellant as the driver of the truck that struck Fernandez's truck.  Goswick proceeded to investigate appellant's actions only to learn that appellant did not speak English.  Goswick then requested a Spanish-speaking officer be detailed to assist.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

[3] Later in the trial, the site was referred to as the Applegate Mobile Home Park.  From the record, they appear to be the same site.

2

Officer Michael Sandoval then responded to the call for assistance and took over the primary responsibility of the ensuing investigation. Sandoval observed signs of intoxication while interviewing appellant. As a result, Sandoval requested appellant take standardized field sobriety tests. After concluding these tests, Sandoval determined appellant was intoxicated and requested that appellant take a blood test. In so doing, Sandoval attempted to read the DIC-24 statutory warning to appellant in Spanish. Sandoval was unable to conclude the reading of the DIC-24 in Spanish and called for assistance. Sandoval transported appellant to University Medical Center (UMC) emergency room to obtain a sample of his blood.

Sergeant Juan Muniz, Sandoval's supervisor, met Sandoval and appellant at UMC and proceeded to read the DIC-24 to appellant in Spanish. Appellant subsequently consented to the taking of a specimen of his blood to test for the presence of alcohol. The blood was drawn and the sample was submitted to the DPS laboratory for testing. Appellant does not contest the validity of the blood draw or the results of the testing. The testing ultimately showed appellant's blood alcohol level to be .207.

During the testimony of the investigating officers, the State consistently elicited testimony that the place of the accident was a public place. Appellant's position seemed to be that the location of the accident, and, thus, where he was operating a motor vehicle, was on private property. This dispute over the facts came to a point during the testimony of Muniz. After the State concluded its direct examination of Muniz, appellant attempted to cross-examine Muniz with the aid of the Texas Penal Code section on criminal trespass. The State objected to this procedure on the grounds of relevance. Appellant submitted that the relevance was because "they have brought

3

up the issue of whether or not the trailer park is a private place. And in order to show that it is a public - - or private place, the crime of criminal trespass is highly relevant."

The trial court sustained the relevance objection and, in so doing, made the following statement:

> The issue is not public or private property. It is a public place. And the jury will be instructed in the Court's Charge that a public place means any place to which the public or substantial group of public has access. That is different from the criminal trespass statute. So until you lay an affirmative defense predicate, I'm going to sustain the objection.

The above quoted statement by the trial court is the basis of appellant's second contention, that such was a comment on the evidence.

After the State had rested its case-in-chief, appellant called Todd Kurlander as a witness. Kurlander is a private investigator who was assigned to assist appellant's trial counsel in the defense of the charge pending against appellant. Pursuant to his assignment, Kurlander took a series of photographs at the scene of the arrest. One of the photographs contains an image that contained a "No Trespassing" sign. According to the testimony, this sign was on a fence at the Applegate Mobile Home Park. Further, Kurlander testified that, before he started taking photos of the scene, he felt it necessary to obtain permission from the owner.

After both sides had rested and closed the presentation of evidence, the trial court conducted a hearing on the proposed Court's Charge. At that hearing, appellant requested an article 38.23 jury instruction. The thrust of the requested charge was to allow the jury to determine whether appellant had been driving or operating a motor

4

vehicle in a public place.  The trial court denied the requested jury instruction.  This is the basis of appellant's first contention.

The jury convicted appellant of DWI and this appeal followed.  Through two issues, appellant contends that the trial court erred in denying the requested jury instruction and commented on the evidence.  Disagreeing with appellant's contentions, we will affirm.

Jury Instruction

Prior to addressing the requested jury instruction issue, it will be helpful for us to set forth the elements of a charge of DWI.  Section 49.04(a) of the Texas Penal Code sets forth the elements necessary to convict appellant of DWI.  They are as follows:

(1) appellant

(2) was intoxicated

(3) while operating a motor vehicle

(4) in a public place.

See TEX. PENAL CODE ANN. § 49.04(a).[4]

Appellant's first issue contends that the trial court committed reversible error when it refused to submit a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure.[5]  The issue before the Court involves appellant's trial strategy

---

[4] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ ____."

[5] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ____" or "art. ____."

that the arrest occurred on private property. In connection with that proposition, trial counsel requested that the following jury instruction be given to the jury:

> You are instructed that no evidence obtained by an officer or other person in violation of any provision of the Constitution of laws in the State of Texas, or of the Constitutional laws of the United States of America, shall be admitted into evidence against the accused on trial of a criminal case. An officer is committed to make a temporary investigation, investigative detention of a motorist, if the officer has specific articulable facts, which taken together with rational inferences from those facts leading to conclude that a person detained actually is, at the time of detention, driving and operating a motor vehicle in a public place, while not having the use of his mental or physical faculties by reason of the introduction of alcohol into his system.
>
> Now, bearing in mind, if you find from the evidence that on the occasion in question, the accused, [appellant], was not driving or operating a motor vehicle in a public place, or if you have a reasonable doubt thereof, you will disregard the testimony of the officers concerning the detention of the accused, the questioning of the accused, and any evidence obtained from the accused including evidence relating to blood, and any conclusion drawn as a result thereof. And you will not consider such evidence for any purpose whatsoever.

Standard of review

A claim of error in the court's charge involves a two-step process. *See Abnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994) (en banc). First, we must determine whether error occurred, and then, if error occurred, whether sufficient harm resulted from the alleged error to require reversal. *Id.* at 731-32. Accordingly, our initial inquiry is to determine if the trial court erred in denying the requested article 38.23(a) instruction.

Analysis

We begin by reviewing article 38.23(a). Article 38.23(a) provides the following:

6

No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The requirements to entitle appellant to an article 38.23(a) jury instruction are set forth in *Madden v. State,* 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). The Court initially pointed out that "a defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Id.* at 509-10. The Court then set forth the three requirements appellant must meet to be entitled to such an issue as follows: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* It is the third element that bears scrutiny in the case before the Court.

Appellant's entire argument is centered around the factual issue of whether the DWI occurred on private property. Appellant asserts that the DWI stop occurred in an area that had posted "No Trespassing" signs. This, according to appellant, then raised a factual issue that required the requested article 38.23(a) instruction.

The State contends that the factual dispute about where the DWI occurred, and the arrest resulted, goes to the "public place" element of the offense. Therefore, the State posits that the issue of a "public place" was an issue for the jury in determining whether the State met its burden of proof in its case-in-chief, not in determining the reasonable suspicion for the initial stop.

We agree with the State. That article 38.23(a) is an exclusionary rule design to protect a person charged with a criminal offense from illegally obtained evidence is beyond dispute. *See* art. 38.23(a); *Madden*, 242 S.W.3d at 509-10. What goes unsaid in appellant's brief is how the fact question at issue would result in the evidence being inadmissible. Appellant makes an argument that the conduct of the police violated the criminal trespass statute. However, appellant has provided the Court with no citations to cases holding that such a factual allegation, in this context, would result in the evidence being held to be illegally obtained. Further, it is of note that appellant did not file any pre-trial motions that contested the reasonable suspicion to detain appellant on the basis of the now alleged criminal trespass issue.

As the factual issue was raised before the jury, the contested fact was whether the event in question occurred in a "public place." This issue was thoroughly covered by the Court's Charge to the jury. Therein, the trial court defined a "public place" pursuant to the definition found in section 1.07(a)(40) of the Texas Penal Code. § 1.07(a)(40) (West Supp. 2014). Further, the charge properly defined the offense of DWI pursuant to the Texas Penal Code. § 49.04(a). In its application paragraph, the trial court instructed the jury as follows:

> Now, after considering all the evidence before you and these instructions, if you find from the evidence beyond a reasonable doubt that, on or about the 7th day of August, 2013, in Lubbock County, Texas the [appellant], HERMILO SANCHEZ-TAPIA, while intoxicated, operated a motor vehicle in a public place, as charged in the Information, then you will find the [appellant] "Guilty." Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the [appellant] "NOT GUILTY."

8

This charge gave full effect to appellant's contested factual issue, whether the offense took place in a public or private place. As such, it meets the requirements for a Court's Charge as set forth in the Code of Criminal Procedure. Art. 36.14. Additionally, this charge sets forth the law applicable to the case. *See Walters v. State,* 247 S.W.3d 204, 208 (Tex. Crim. App. 2007).

Finally, the State cites the Court to *Ackley v. State* for the proposition that a similar contention has been considered and rejected by one of our sister courts of appeals. *See Ackley v. State,* No. 01-09-00476-CR, 2011 Tex. App. LEXIS 9294, at *13-14 (Tex. App.—Houston [1st Dist.] Nov. 23, 2011, no pet.) (mem. op., not designated for publication). While the facts in *Ackley* are different in many respects from the case before the Court, we find its arguments persuasive on the issue of whether the private or public nature of the location of the arrest requires a 38.23(a) jury instruction. The location at issue in *Ackley* was a public campground that required a fee for use; the ultimate issue was whether the campground was a "public place." *See id.* at *13. The court in *Ackley* found that the alleged factual dispute, whether the campground was a "public place" was not material to the question of reasonable suspicion to stop the appellant. *See id.* *13-14. We, likewise, find that the question of public versus private place, as litigated in this case, is not material to the question of reasonable suspicion to stop appellant. For the foregoing reasons, we overrule appellant's first issue.

## Comment on the Evidence

Appellant's second issue contends that the trial court impermissibly commented on the evidence in front of the jury during a discussion of the State's relevance objection

to questions of Sergeant Muniz regarding the criminal trespass statute. We have previously set forth the trial court's comment and refer the parties to that section of the opinion. At the outset, we note that appellant did not object to the statement by the trial court at the time it was made. Our law requires that in most instances an objection or motion notifying the trial court of any objection is required to preserve an issue of appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Marin v. State,* 851 S.W.2d 275, 278 (Tex. Crim. App. 1993) (en banc). There is a type of error that is an exception to the preservation rule: where a trial court makes comments in front of the jury that are so egregious that it amounts to fundamental error. *See* TEX. R. EVID. 103(d);[6] *Unkart v. State,* 400 S.W.3d 94, 99 (Tex. Crim. App. 2013).

However, before we begin any type of analysis to determine whether an alleged comment by the trial court that was not objected to was fundamental error, and, thusly, did not have to be preserved for appellate review, we must decide whether the statement made by the trial court was in fact a comment on the evidence.

Trial judges must refrain from making any remark or comment calculated to convey to the jury his opinion of the case. *See Brown v. State,* 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). Further, article 38.05 of the Texas Code of Criminal Procedure provides:

> In ruling on the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

---

[6] Texas Rule of Evidence 103(d) provides that "[i]n a trial of a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court."

Art. 38.05 (West 1979). Any remark or comment made by the trial judge is apt to be seen by the jury as shedding some light on the views of the court to the proceedings before him. *See Brown*, 122 S.W.3d at 798.

The comment in question is presented by appellant as a statement to the jury about the trial court's determination that the place of arrest was a public place. Appellant focuses in on this one statement: "It is a public place." When viewed alone, the statement at issue certainly appears to be a comment on the evidence. However, we cannot view the sentence by itself because it was part of the trial court's ruling on the question of the relevance of the criminal trespass statute. In context, the statement reads as follows: "The issue is not public or private property. It is a public place." When placed in context, the pronoun "[i]t" refers to the subject of the proceeding sentence, "[t]he issue." We read the comment in its proper context as the trial court's clarification of the relevant statutory element at issue in the case. Therefore, the trial court was not making a comment on the evidence that was calculated to divulge his opinion about the case to the jury. *See Brown,* 122 S.W.3d at 798.

Even if we were to assume *arguendo* that the trial court's ruling on the objection was a comment on the evidence, we would still be unable to grant appellant the relief he asks for. As stated above, there was no objection to the trial court's ruling. Therefore, the only way the statement is reversible is if it is fundamental error, such as, comments that vitiated the appellant's presumption of innocence. *See Blue v. State,* 41 S.W.3d 129, 131-32 (Tex. Crim. App. 2000) (en banc) (plurality op.). The facts of the *Blue* case are much more compelling than the facts of the case before the court. In *Blue*, the trial

court apologized to the jury for the delay by telling them that the defendant was still trying to decide whether to take a plea bargain. *See id.* at 130. Further, the trial court told the jury his personal preference was the defendant plead guilty. *See id.* Lastly, the trial court informed the jury, "[W]e were all trying to work toward that and save you time and cost of time." *See id.* Ultimately, a plurality of the Court of Criminal Appeals held that the actions of the trial court amounted to fundamental error and there need not be an objection at trial to gain appellate review of the issue. *See id.* at 134. Yet, the plurality opinion all agreed on the outcome with almost as many different reasons as judges who participated in the decision. *See Unkart,* 400 S.W.3d at 99. In the final analysis, the Court of Criminal Appeals has limited *Blue* to no precedential value and deemed it only to have persuasive value. *See id.* at 100-01.

We decline to apply *Blue* to the facts before us. The statement by the trial court was not one that rose to the level of fundamental error, that is, it did not affect the fundamental substantial rights of appellant. *See* TEX. R. EVID. 103(d); *Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Accordingly, the error had to be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Marin,* 851 S.W.2d at 278. Inasmuch as there was no objection at trial, nothing has been preserved for review. *See id.* Appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

Do not publish.

12